UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 04-1814-CBS |
| | ) |
| RICHARD W. GOULD | ) |

### DEFENDANT RICHARD W. GOULD'S OPPOSITION TO THE GOVERNMENT'S REQUEST FOR DETENTION AND PROPOSED CONDITIONS FOR RELEASE

Defendant Richard W. Gould, by and through undersigned counsel, respectfully submits this Opposition to the Government's request for detention pursuant to 18 U.S.C. § 3142(f)(1) and 18 U.S.C. § 3142(f)(2). Specifically, Mr. Gould submits that there are conditions that will reasonably assure his appearance and the safety of any other person and the community. *See* 18 U.S.C. § 3142(f). Accordingly, the Court should deny the government's request for detention and set conditions of release.

### PERSONAL BACKGROUND

Richard W. Gould (hereinafter "Gould") was born on November 14, 1978 in Malden, Massachusetts. He is twenty-five (25) years old. Until approximately two years ago, he lived with his parents, Richard E. Gould and Eleanor M. Gould, at 10 Druid Avenue, Peabody, Massachusetts (hereinafter "family home"). He has one younger sibling, his sister, Erin Gould, age 24, who is a hairdresser and currently resides in Revere, Massachusetts. Mr. Gould and his family, including his grandparents, aunts and uncles, are life-long residents of Massachusetts. Indeed, Mr. Gould's father, Richard E. Gould, has worked for General Electric for the past twenty-six (26) years and his mother,

Eleanor M. Gould, has worked for Metropolitan Credit Union in Peabody for the past 15 years.  In short, Mr. Gould has very strong family ties that run very deep in Massachusetts.

Mr. Gould is a graduate of Peabody High School, where he excelled in sports.  He has no passport and, during his entire life, has only traveled outside of the United States on three occasions, to Aruba, Mexico and Canada for short week-long vacations.

After graduating from High School, Mr. Gould worked for more than three years at Lundey Stamas, Inc., a fastener and hardware company, located in Peabody, Massachusetts.  However, for the past eighteen (18) months, Mr. Gould has been unemployed.  As a result of his unemployment, Mr. Gould has depleted his savings and has also received assistance from his family to pay his living expenses.  As a result of an inheritance from the death of his paternal grandmother, his family has been able to help him pay his living expenses.  If released, it is Mr. Gould intention to seek gainful employment immediately.

Mr. Gould has never been convicted of any crime, and has no history of any physical or mental condition of any consequence.  Moreover, at the time of his arrest in this case he was not on probation, parole or other release pending trial, sentencing, appeal or completion of a sentence for any offense under Federal, State or local law.

Indeed, according to the prior "record" provided by Pre-trial Services, Mr. Gould's only legal misstep consisted of a relatively minor incident almost 8 years ago, when Mr. Gould was a mere 17 years of age, wherein he was involved in an altercation that resulted in charges that were ultimately continued without a finding and dismissed.  Moreover, for purposes of the government's motion for detention, what is most

noteworthy about this prior incident in Mr. Gould's life is that he was placed on probation for a period of two (2) years and during that entire time he fully complied with all the conditions of probation, was not arrested, violated or defaulted and, the charges were ultimately dismissed. Furthermore, over the course of the last eight (8) years, or Mr. Gould entire adult life, he has not been charged or arrested with any offense other than the current offense.

## VALUE OF FAMILY HOME

The family home in which Mr. Gould was raised located at 10 Druid Avenue in Peabody is own by Mr. Gould's parents, and was appraised, in March, 2002, to have a fair market value of $260,000.00. *See* Quitclaim Deed dated October 6, 1979 attached hereto as Exhibit A and Uniform Residential Appraisal Report attached hereto as Exhibit B.

In April 2002, Mr. Gould's parents refinanced the family home and executed a Promissory Note in the amount of $130,000.00. *See* Page of 1 of Mortgage attached hereto as Exhibit C. According to Mrs. Gould, the outstanding balance on the promissory note and mortgage is approximately $117,000 and there are no other mortgages or liens on the property. Taking into account a modest appreciation of the property over the past two years, the family home has at least $150,000.00 in equity at the present time. If necessary, Mr. Gould's parents are ready, willing and able to secure his release by placing a Mortgage in favor of the United States of America on the family home. Accordingly, undersigned counsel has prepared the paperwork necessary to accomplish this task, which paperwork is attached hereto as Exhibits D-E.

## NATURE OF THE CHARGES & WEIGHT OF THE EVIDENCE

Mr. Gould is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. Moreover, this Court has found probable cause exists for the offense charged. However, the government's case is based primarily on the testimony of a confidential informant who, upon information and belief, has a substantial criminal record and who cooperated with the government only after he was arrested on drug charges.

Moreover, although the government conducted an investigation into the dealings of the confidential informant ("CI") for a period in excess of one year and, ultimately, obtained a Title III wiretap on the CI personal telephone, according to the testimony of DEA Special Agent Anthony Roberto, there is little, if any, probative evidence against Mr. Gould from this wiretap. Thus, the government's case against Mr. Gould is based almost entirely upon a very suspect CI.

Furthermore, even assuming the government prevails after trial and proves to a jury, beyond a reasonable doubt, that Mr. Gould is criminally responsibly for the 502 pills alleged in this case, the absolute maximum sentence he could receive is 78 months, which after considering good time credits, is actually approximately 66 months or 5.5 years.

Moreover, if Mr. Gould enters a plea of guilty and receives 3 points for acceptance of responsibility, he is likely facing a sentence of 46 months, which after good time credits, will be approximately 39 months or 3.2 years.

Thus, in reality, Mr. Gould is not facing a sentence of 10 years or more and, therefore, we submit, there are conditions of release that would reasonably assure his appearance and the safety of any other person or the community.

## PROPOSED CONDITIONS OF RELEASE

Mr. Gould submits that the following conditions, or combination of conditions, will reasonably assure his appearance and the safety of any other person and the community:

a.  Mr. Gould will execute an unsecured bond binding his to pay the United States a sum of Fifty Thousand Dollars ($50,000.00) in the event he fails to appear as required or surrender as directed for service of any sentence imposed;

b.  Mr. Gould's parents will also execute an unsecured bond binding his to pay the United States a sum of Fifty Thousand Dollars ($50,000.00) in the event he fails to appear as required or surrender as directed for service of any sentence imposed;

c.  Mr. Gould's father, Richard E. Gould, will agree to be a third-party custodian for Mr. Gould and agree to supervise Mr. Gould, use every effort to assure his appearance at court proceedings, and notify the court immediately in the event his son violates any condition of release;

d.  Mr. Gould will seek gainful employment and, thereafter, maintain gainful employment during the pendency of this case;

e.  Mr. Gould will agree to reside with his father in the family home in Peabody, MA during the pendency of this case;

f.  Mr. Gould will agree to a curfew, so long as he is able to seek and maintain gainful employment;

g.   In the event the Court requires a secured bond, Mr. Gould's parents are ready, willing and able to post the family home as security for Mr. Gould's appearance up to $150,000.00, and

h.   Any other condition the Court deems necessary or appropriate under the circumstances.

WHEREFORE, defendant Richard W. Gould opposes the government's request for detention and submits that there are conditions that will reasonably assure his appearance and the safety of any other person and the community and, accordingly, the Court should deny the government's request for detention and release him with appropriate conditions.

>Respectfully submitted
>By Defendant,
>RICHARD W. GOULD
>By his attorneys,
>
>_____
>Scott P. Lopez
>Law Office of Scott P. Lopez
>24 School Street, 8th Floor
>Boston, MA 02108
>(617) 742-5700

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by hand on July 16, 2003.

_____
Scott P. Lopez